UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONRELL D. MURPHY,<br><br>        Plaintiff,<br><br>    v.<br><br>RALPH DIAZ,<br><br>        Defendant. | No.  2:19-cv-1422 MCE AC P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

       Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state law and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    I.    <u>Application to Proceed In Forma Pauperis</u>

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 2, 6.  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint alleges that defendant Diaz, Secretary of the California Department of Corrections and Rehabilitation (CDCR), violated plaintiff's rights to freedom of association and due process by denying plaintiff visitation with his wife as a penalty for a rules violation and further violated plaintiff's rights under state law by committing fraudulent misrepresentation and negligent infliction of emotional distress. ECF No. 1. Specifically, plaintiff alleges that he was charged with a rules violation for "sexual activity with an adult in a visiting room" during a visit with his wife. Id. at 9. The violation report stated that plaintiff had "grabed (sic) his visitor Kandace Murphy [his wife] on her buttocks, rubbed and squeezed her buttocks, and at one point also reached his hand into her pants through the waistline of the paints (sic) where his hand was inside her pants with skin to skin contact." Id. (alteration in original). Upon being found guilty of the violation, plaintiff was assessed penalties that included a ninety-day loss of good-time credits, which have been restored, and a ninety-day loss of visitation followed by a ninety-day loss of contact visits. Plaintiff appealed the disciplinary and defendant denied the appeal. Id. He further claims that title 15, section 3007 of the California Code of Regulations, which he was found guilty of violating, is unconstitutionally vague because it does not define "illegal sexual acts." Id. at 11.

////

IV. <u>Failure to State a Claim</u>

 A. <u>Personal Involvement</u>

Plaintiff's allegations against defendant Diaz appear to be based upon his denial of plaintiff's appeal and his position as Secretary of the CDCR.  To the extent the allegations are based upon Diaz's position as Secretary, plaintiff fails to state a claim because "[t]here is no respondeat superior liability under section 1983," <u>Taylor v List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), and plaintiff has not alleged facts showing either Diaz's personal involvement in the violation or a casual connection between Diaz's conduct and the violation, <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989)).  The allegation that Diaz denied plaintiff's appeal is insufficient to establish the necessary personal involvement because there is no claim for the "loss of a liberty interest in the processing of his appeals . . . because inmates lack a separate constitutional entitlement to a specific prison grievance procedure." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)).  Furthermore, as the Seventh Circuit has observed, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation.  A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."  <u>George v. Smith</u>, 507 F.3d 605, 609-10 (7th Cir. 2007).

 B. <u>Visitation</u>

"[F]reedom of association is among the rights least compatible with incarceration.  Some curtailment of that freedom must be expected in the prison context." <u>Overton v. Bazzetta</u>, 539 U.S. 126, 131 (2003) (citations omitted).  Plaintiff's allegations that he was denied visitation for ninety days and contact visits for an additional ninety days fail to state a claim for relief because there is no constitutional right to "unfettered visitation." <u>Kentucky Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 460-61 (1989); <u>Overton v. Bazzetta</u>, 539 U.S. 126, 136-37 (2003) (regulations banning visitation privileges entirely for a two-year period for inmates with two substance abuse violations and regulating the conditions of visitation upheld as not affecting constitutional rights that survive incarceration); <u>Gerber v. Hickman</u>, 291 F.3d 617, 621 (9th Cir. 2002) (en banc) ("it is

4

well-settled that prisoners have no constitutional right while incarcerated to contact visits" (citations omitted)). Furthermore, although plaintiff alleges that the restrictions on his visitation were arbitrary and capricious, the facts clearly show that the temporary restrictions were imposed as a penalty for a disciplinary violation.

### C. Due Process

"[D]ue process requires fair notice of what conduct is prohibited before a sanction can be imposed," Newell v. Sauser, 79 F.3d 115, 117 (9th Cir. 1996), and plaintiff alleges that § 3007 is unconstitutionally vague because it does not define "illegal sexual acts."

Section 3007 provides that "[i]nmates may not participate in illegal sexual acts. Inmates are specifically excluded in laws which remove legal restraints from acts between consenting adults. Inmates must avoid deliberately placing themselves in situations and behaving in a manner which is designed to encourage illegal sexual acts." Cal. Code Regs. tit. 15, § 3007. However, while § 3007 does not contain a definition of "illegal sexual acts," there is a separate regulation that defines various terms used within the regulations. That regulation defines "Sexual Activity" as "any behavior of a sexual nature between an inmate and a visitor including, but not limited to . . . [t]he rubbing or touching of . . . buttock(s) . . . for the purpose of arousing, appealing to, or gratifying lust, passions, or sexual desires." Cal. Code Regs. tit. 15, § 3000. The regulations therefore provided plaintiff with fair notice that his conduct was prohibited as it fell squarely within the type of conduct prohibited by § 3007.

### D. State Law Claims

With respect to plaintiff's state law claims for fraudulent misrepresentation and negligent infliction of emotional distress, he has failed to state a claim for relief because he has not alleged compliance with the Government Claims Act. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint). While amendment may be able to cure this defect, leave to amend should not be granted because plaintiff has failed to state a cognizable claim for relief under federal law, and this court should

////

therefore decline to exercise supplemental jurisdiction over plaintiff's state law claims.[1] Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n.7 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

V.   No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted, amendment of the federal claims would be futile, and the court should decline to take jurisdiction over the state law claims.  The complaint should therefore be dismissed without leave to amend.

VI.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

It is being recommended that your complaint be dismissed without leave to amend because there is no constitutional right to visitation, the regulation was not vague, and the court should not take jurisdiction over your state law claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

---

[1] The court takes no position on whether plaintiff would be able to successfully pursue his claims in state court.

1 | is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
2 | § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
3 | Director of the California Department of Corrections and Rehabilitation filed concurrently
4 | herewith.
5 |     IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to
6 | amend.
7 |     These findings and recommendations are submitted to the United States District Judge
8 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
9 | after being served with these findings and recommendations, plaintiff may file written objections
10 | with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings
11 | and Recommendations."  Plaintiff is advised that failure to file objections within the specified
12 | time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
13 | (9th Cir. 1991).
14 | DATED: April 15, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE